

NAME  MARK McLEAN SAUNDERS

PRISON NUMBER  F02744

CURRENT ADDRESS OR PLACE OF CONFINEMENT  CENTINELA STATE PRISON

PO BOX 931  IMPERIAL, CA.  92251

CITY, STATE, ZIP CODE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Mark McLean Saunders

(FULL NAME OF PETITIONER)

**PETITIONER**

v.

J. M. ALMAGER

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of
California, Additional Respondent.

Civil No  '08 CV 0757 L AJB

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

SAN DIEGO SUPERIOR COURT

2. Date of judgment of conviction: 10/19/2005

3. Trial court case number of the judgment of conviction being challenged:

No SCD 179948     No SCD 184170

4. Length of sentence:  2 TERMS OF 25 YRS TO LIFE

(50 YRS TO LIFE)

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: 4/22/05
I'm 52 YEARS OLD WITH A 50 YRS TO LIFE SENTENCE
I'm NOT SEEING A RELEASE DATE IN A AVERAGE LIFETIME

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
( VEH. CODE § 23152 SUBD. (a)\ SCD 179948)
( PEN. CODE § 1320.5; SCD 184170) ( R.T. (45-152)

7. What was your plea? (CHECK ONE) ~~(SCD 184170)~~ (HSC 11377 SUB(a))

   (a) Not guilty     ☒
   (b) Guilty     ☐
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury     ☐
   (b) Judge only     ☒

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
   ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
   (a) Result: DENIED

   (b) Date of result (if known):

   (c) Case number and citation (if known):
   (d) Names of Judges participating in case (if known):


   (e) Grounds raised on direct appeal: 1) TRIAL COURT'S FAILURE TO
   DISMISS STRIKE ALLEGATION WAS AN ABUSE OF DISCRETION
   2) APPELLATES 50 YR TO LIFE SENTENCE VIOLATES FEDERAL
   PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT BECAUSE
   ITS DISPROPORTIONATE TO THE CURRENT OFFENSES

12. If you sought further direct review of the decision on appeal by the **California Supreme
   Court** (e.g., a Petition for Review), please answer the following:
   (a) Result: DENIED

   (b) Date of result (if known): 5/9/07

   (c) Case number and citation (if known): ATTACHED IS COPY OF DIRECT
   APPEAL WHICH HAS BEEN DENIED @ STATE LEVEL

   (d) Grounds raised: 1) TRIAL COURT'S FAILURE TO DISMISS STRIKE
   ALLEGATIONS WAS AN ABUSE OF DISCRETION 2) APPELLATE'S
   50 YR TO LIFE SENTENCE VIOLATES FEDERAL PROHIBITION
   AGAINST CRUEL AND UNUSUAL PUNISHMENT BECAUSE IT'S
   DISPROPORTIONATE TO THE CURRENT OFFENSES

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a)  Result:

    (b)  Date of result (if known):

    (c)  Case number and citation (if known):


    (d)  Grounds raised:


### COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☒Yes ☐No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):
    (b)  Nature of proceeding: PETITION FOR WRIT OF HABEAS CORPUS
    (ATTACKING GROUNDS NOT RAISED ON DIRECT APPEAL)
    (c)  Grounds raised: 1) INEFFECTIVE ASSISTANCE OF TRIAL
    COUNSEL 2) INAPPROPRIATE APPLICATION OF 3 STRIKES
    LAW (VIOLATION OF 5th 8th AMMENDMENTS) 3) MULTIPLE JEAPARDY
    IN APPLICATION OF 3 STRIKES LAW TO SINGLE CONVICTION 20
    YRS AGO 4) INEFFECTIVE ASSISTANCE OF APPRELATE COUNSEL
    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☒Yes ☐No REQUESTED
    (e)  Result: NO RESULT YET   FILED FEB 29 2008
    (f)  Date of result (if known):

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐Yes ☒No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):

    (b) Nature of proceeding:

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised:

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☐ No

    (f) Result:

    (g) Date of result (if known):

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):

    (b) Nature of proceeding:

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☐ No

    (e) Result:

    (f) Date of result (if known):

CIV 68 (Rev. Jan. 2006)    -4-    cv

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not: I FILED A WRIT OF HABEAS CORPUS ON 2/29/08 TO THE SANDIEGO SUPERIOR COURT IT IS STILL AT THE FIRST STATE LEVEL. I INTEND TO EXAUST EVERY STATE REMEDY AND INTEND ON FILING IN CAL. SUPREME COURT MY DIRECT APPEAL HOWEVER HAS BEEN FILED W/ CA. SUPREME COURT AND DENIED.

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒Yes ☐No        (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
    (i) What was the prior case number?
    (ii) Was the prior action (CHECK ONE):
         Denied on the merits?              ☐
         Dismissed for procedural reasons? ☐
    (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
         ☐Yes ☐No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given
         you permission to file this second or successive petition?
         ☐ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

Grounds Raised under Direct Appeal

### GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Trial Court's Failures to Dismiss Strike Allegations was an Abuse of Discretion

**Supporting FACTS:** The Supreme Courts Have Set Guidelines for Lower Courts in Deciding Whether to Strike Priors under (People V. Superior Court (Romero) 1996 13 Cal 4th 497 530-51) In the Light of current and Past Violent Felonies That Defendant May Be outside the Spirit of 3 Strikes Law! Discretion Was Abused Because of the Nature of the Offenses were Minor Non-Aggravated offenses V.C. 23152 Sub(a) Normaly a Misdemeanor only elevated to a Felony By a Prior (Also makes for Duel Enhancement, when also Enhanced by 3 Strike Law) Normaly V.C. 23152 (a) Carries a Sentence of 16-2-3 and HS 11550 (a) Carries a Sentence of 90 Days to a Year imposing a 25 to Life Sentence for ea of These Violation is an Unjust Sentence and Violates the 8th Ammendment Rights

**Did you raise GROUND ONE in the California Supreme Court?**

☒Yes ☐No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Direct Appeal

(2) Case number or citation: No D047541

(3) Result (attach a copy of the court's opinion or order if available): Denied

(b) **GROUND TWO:** APPELLANT'S 50 YES TO LIFE SENTENCE VIOLATES STATE AND FEDERAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT BECAUSE IT IS DISPROPORTIONATE TO THE CURRENT OFFENSES

Supporting FACTS: EIGHTH AMMENDMENT TO U.S. CONSTITUTION PROVIDES NO EXCESSIVE BAIL REQUIRED, NOR EXCESSIVE FINES IMPOSED, NOR CRUEL AND UNUSUAL PUNISHMENTS INFLICTED (SOLEM V. HELM (1983) 463 US 227, 284) PROHIBITS NOT ONLY CRUEL AND UNUSUAL PUNISHMENTS BUT ALSO SENTENCES DISPROPORTIONATE TO THE CRIME COMMITTED (IBID) SUPREME COURT RECOMMENDS USE OF 3 OBJECTIVE FACTORS (SOLEM, SUPRA 463 US AT P 292) SOLEM FOUND 8th AMMENDMENT PROHIBITED A RECIDIVIST SENTENCE OF LIFE IN PRISON FOR A SEVENTH NON-VIOLENT FELONY (PEOPLE V. DILLON, SUPRA 33 CAL 3d at P. 479) PUNISHMENT SHOULD NOT ONLY FIT THE CRIME BUT THE OFFENDER WHETHER PUNISHMENT IS DISPROPORTIONATE TO SUCH FACTORS AS HIS AGE, PRIOR CRIMINALITY, PERSONAL CHARACTERISTICS AND STATE OF MIND. (IBID) ALSO IS THE SENTENCE PUNISHED HARSHER THAN THE PUNISHMENT OF A MORE SERIOUS CRIME THE SENTENCE IMPOSED IS SUBSTANTIALLY GREATER FOR 2 LOW LEVEL OFFENSES THAN FOR THAT OF FAR MORE SERIOUS / VIOLENT FELONIES SUCH AS 15 YRS TO LIFE FOR 2ND DEGREE MURDER AND MANSLAUGHTER WHICH CARRIES LOCAL JAIL TIME TO 11 YEARS APPELLANT WAS 50 YRS OLD AT TIME OF SENTENCING SENTENCE IS 50 YRS TO LIFE AND IS DISPROPORTIONATE TO THE GRAVITY OF THE CRIMES AND SHOCKS THE CONSCIENCE AND OFFENDS NOTIONS OF HUMAN DIGNITY

Did you raise <u>GROUND TWO</u> in the <u>California Supreme Court</u>?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): DIRECT APPEAL

(2) Case number or citation: NO D047541

(3) Result (attach a copy of the court's opinion or order if available): DENIED

GROUNDS RAISED WRIT OF HABEAS CORPUS
( NOW BEING HEARD AT STATE LEVEL)
ATTACKING ISSUES NOT RAISED ON DIRECT APPEAL

### GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of
the constitution, law or treaties of the United States.  Summarize *briefly* the facts
supporting each ground. (e.g. what happened during the state proceedings that you contend
resulted in a violation of the constitution, law or treaties of the United States.)  If necessary,
you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: TRIAL COUNSEL WAS GROSSLY INEFFECTIVE
@ EVERY ASPECT OF THE DEFENSE. FAILURE TO ADEQUATELY
DEFEND WAS TANTAMOUNT TO A GUILTY PLEA AND VIOLATION
RIGHTS GUARANTEED BY 5th 6th AND 14th AMENDMENTS

Supporting FACTS: 1) TRIAL COUNSEL FAILED TO DEVELOP
A REASONABLE DEFENSE STRATEGY 2) COUNSEL FAILED
TO FOLLOW UP ON REFERENCES 3) TRIAL COUNSEL FAILED
TO FOLLOW UP ON RECOMMENDATIONS OF PSYCHIATRIC REPORT
AND POSSIBLE REHABILITATION FACILITIES BUT NEVER
CONTACTED ANY 4) ADVISED CLIENT TO FOREGO A JURY
TRIAL ON THE BASIS THAT THE JUDGE WOULD BE MORE
AMENABLE TO PETITIONER'S REQUEST FOR DIVERSION TO A
REHABILITATION FACILITY. COUNSEL FAILED TO MAKE ANY
AFFIRMATIVE EFFORT IN THE DEVELOPMENT OF A COURSE
OF ACTION THAT ONE THE BASIS FOR THIS ADVISE.
5) COUNSEL DID NOT BRING FORTH ONE WITNESS TO
TESTIFY FOR THE DEFENSE. WHERE WAS LEGITAMATE
AREAS OF CONTENTION IN TOXICOLOGY NO REBUTTAL WITNESS
WAS BROUGHT FORTH 6) TRIAL COUNSEL FAILED TO
CORRECTLY OBJECT TO WITNESS STATEMENTS IN PRIOR
OFFENSE 20 YRS AGO TO BE USED IN SENTENCE CONSIDERATION

Did you raise GROUND ONE in the California Supreme Court?

☐ Yes ☒ No. HABEAS IS IN SUPERIOR COURT
If yes, answer the following:    1st LEVEL NOW

(1)  Nature of proceeding (i.e., petition for review, habeas petition):

(2)  Case number or citation:

(3)  Result (attach a copy of the court's opinion or order if available):

(b) **GROUND TWO:** InAppropriate Application of 3 Strikes Law: 3 Strikes arose from a single unintentional act which is unconstitutionaly excessive and violates 5th and 8th ammendments

Supporting FACTS: 1) The sentence for DUI and Failure to Appear is dramatically increased by application of 3 strikes Law 2) all 3 strikes arose from one single incident which was totaly devoid of any criminal or mallicious intent whatesever. This tragic accident was a result of bad, impaired judgement. This fatal accident accured 20 yrs before the current offense and it was beyond the legislative intent of the 3 Strikes Law to cull more than one strike for a single unintentional act. 3) 3 strikes from the same single unintentional act were also used to increase a failure to appear sentence in addition to the driving under the influence resulting in 2 25 yrs. to life sentences. The resulting aggregate sentence is 50 yrs to life. Petitioner contends it was not the intent of 3 strikes legislation and therefore an error.

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☒ No. HABEAS IS IN SUPERIOR COURT

If yes, answer the following: 1st LEVEL NOW

(1)  Nature of proceeding (i.e., petition for review, habeas petition):

(2)  Case number or citation:

(3)  Result (attach a copy of the court's opinion or order if available):

CIV 68 (Rev. Jan. 2006)

cv

(c) **GROUND THREE**: PETITIONER WAS SUBJECT TO MULTIPLE JEOPARDY BY ASSESSMENT OF 3 STRIKES FOR THE COMMISSION OF ONE OFFENSE AND THE SUBSEQUENT APPLICATION OF ALL 3 STRIKES TO ENHANCE THE CURRENT OFFENSE IN VIOLATION

**Supporting FACTS**: OF DOUBLE JEOPARDY PROHIBITION VIOLATION OF 5TH AMMENDMENT

1) PETITIONER WAS ON OCT 5th 1986 WAS INVOLVED IN ONE ACCIDENT THAT INDUCED 3 FATALITIES WAS CONVICTED ONE TIME OF 3 COUNTS OF PC 192(c)(3) ALL 3 COUNTS AROSE FROM A SINGLE INCIDENT ALTHOUGH THE TRAGEDY WAS GREAT THERE WAS NEVER ANY CRIMINAL INTENT ON THE PART OF THE PETITIONER

2) ON OCT. 19 2005 PETITIONER WAS SENTENCED to TWO CONSECUTIVE TERMS OF 25 TO LIFE FOR DRIVING UNDER THE INFLUENCE AND FAILURE TO APPEAR THE SENTENCE WAS INCREASED ON THE BASIS OF 3 STRIKES CULLED FROM A SINGLE CONVICTION

3) THE IMPOSITION OF MORE THAN ONE STRIKE FOR 3 COUNTS RESULTING FROM A SINGLE COURSE OF ACTION SUBJECTS PETITIONER TO MULTIPLE JEOPARDY FOR A SINGLE OFFENSE

4) PETITIONER FURTHER CONTENDS THE DOUBLE JEOPARDY VIOLATION HAS BEEN COMPOUNDED BY THE SECOND CONSECUTIVE APPLICATION OF AN ILLEGAL SENTENCE

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☒ No.    HABEAS IS IN SUPERIOR COURT @ 1ST LEVEL NOW

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**(d)** **GROUND FOUR:** PETITIONER'S APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE CLAIMS IN THIS PETITION IN DIRECT APPEAL IN VIOLATION

**Supporting FACTS:** OF 6th AMMENDMENT. SPECIFICALLY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IMPROPER APPLICATION OF 3 STRIKES LAW, AND DOUBLE JEOPARDY.

1) APPELLATE COUNSEL FAILED TO RAISE CLAIMS IN THIS PETITION ON DIRECT APPEAL TRIAL COUNSEL WAS GROSSLY INEFFECTIVE AT EVERY ASPECT OF DEFENSE 2) APPELLATE COUNSEL FAILED TO RAISE THE ISSUE OF IMPROPER APPLICATION OF 3 STRIKES LAW IN RELATION TO LEGISLATIVE INTENT WHEN INACTING THE LAW. 3) THE ISSUE OF DOUBLE JEOPARDY VIOLATION DEPRIVED PETITIONER THE OPPORTUNITY TO HAVE ADJUDICATION OF THE CLAIM AT THAT STAGE OF POST CONVICTION PROCEEDINGS THE CLAIM SHOULD HAVE BEEN RAISED TO PRESERVE VIABILITY AS A CLAIM ON FEDERAL HABEAS CORPUS 4) APPELLATE COUNSEL FAILED TO ENGAGE IN ADEQUATE CONSULTATION WITH PETITIONER TO THE EXTENT THAT FAILURE RESULTED IN A DIRECT APPEAL DEVOID OF SUBSTANTIAL CONSTITUTIONAL CLAIMS RAISED IN THIS PETITION

**Did you raise GROUND FOUR in the California Supreme Court?**
☐ Yes ☒ No. HABEAS IS IN SUPERIOR COURT
If yes, answer the following: 1ST LEVEL NOW

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

CIV 68 (Rev. Jan. 2006) -9- cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

    ☒ Yes  ☐ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: SAN DIEGO SUPERIOR COURT

    (b) Case Number:

    (c) Date action filed: MAILED FROM CENTINELA STATE PRISON ON 2/29/08

    (d) Nature of proceeding: WRIT OF HABEAS CORPUS CHALLENGING ISSUES UNCHALLENGED ON DIRECT APPEAL / NO REPLY YET

    (e) Name(s) of judges (if known):

    (f) Grounds raised: 1) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL 2) INAPPROPRIATE APPLICATION OF 3 STRIKES LAW (I.E. ALL 3 STRIKES FROM ONE OFFENSE) 3) MULTIPLE JEOPARDY VIOLATION BY ASSESMENT OF 3 STRIKES TO COMMISSION OF SINGLE OFFENSE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. VIOLATION OF RIGHTS GUARANTEED BY 5, 6, 8, AND 14 AMMENDMENTS OF US CONSTITUTION

    (g) Did you receive an evidentiary hearing on your petition, application or motion?

    ☒ Yes  ☐ No   REQUESTED EVIDENTIARY HEARING

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing . . . . . . . . STEVEN WADLER (P.D.)

    (b) At arraignment and plea . . . . . . . STEVEN WADLER (P.D.)

    (c) At trial . . . . . . . . . . . . . . . . . . . . STEVEN WADLER (P.D.)

    (d) At sentencing . . . . . . . . . . . . . STEVEN WADLER (P.D.)

    (e) On appeal . . . . . . . . . . . . . . . . MARIANNE HARGUINDEGUY COX (APPELLATE DEFENDERS)

    (f) In any post-conviction proceeding .

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
  ☐ Yes  ☐ No    3 CHARGES, ONE CASE

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
  ☐ Yes  ☒ No

  (a) If so, give name and location of court that imposed sentence to be served in the future:

  (b) Give date and length of the future sentence:

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

CIV 68 (Rev. Jan. 2006)                    -11-                                cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___4 / 21 / 08___        _____

(DATE)                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

-12-

cv

# TABLE OF CONTENTS

Page

STATEMENT OF APPEALABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    I            THE TRIAL COURT'S FAILURE TO DISMISS THE STRIKE
                ALLEGATIONS WAS AN ABUSE OF DISCRETION

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    II          APPELLANT'S 50-YEARS-TO-LIFE SENTENCE
                VIOLATES THE STATE AND FEDERAL PROHIBITIONS
                AGAINST CRUEL AND UNUSUAL PUNISHMENT
                BECAUSE IT IS DISPROPORTIONATE TO HIS CURRENT
                OFFENSES

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# TABLE OF AUTHORITIES

Page

## Cases

*Ewing v. California* (2003) 538 U.S. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*In re Lynch* (1972) 8 Cal.3d 410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,22, 23, 24

*People v. Bolton* (1979) 23 Cal.3d 208 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*People v. Dillon* (1983) 34 Cal.3d 441 . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 23, 24

*People v. Garcia* (1999) 20 Cal.4th 490 . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 17, 18

*People v. Jordan* (1986) 42 Cal.3d 308 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*People v. Myers* (1999) 69 Cal.App.4th 305 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*People v. Stone* (1999) 75 Cal.App.4th 707 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 . . . . . . . . . . . . . . . . . . 15, 16

*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 . . . . . . . . . . . . . . . . . . . . 14

*People v. Williams* (1998) 17 Cal.4th 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Solem v. Helm* (1983) 463 U.S. 277 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

## Statutes

## Health & Safety Code

§ 11377, subd. (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Penal Code**

§ 190, subd. (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

§ 192, subd. ( c)(3)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10

§ 193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

§ 193.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

§ 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 667, subd. (b) - (i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9

§ 668 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

§ 1203, subd. (e)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

§ 1170.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9

§ 1237, subd. (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 1320.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 11, 12, 13, 17, 25

§ 1385 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 14, 16

§ 12022.1, subd. (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

**Vehicle Code**

§ 23152, subd. (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 12, 16, 25

§ 23153, subd. (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 10, 16

§ 23550.5, subd. (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 23626 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Constitutional Authority**

<u>United States Constitution</u>

Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Eighth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

<u>California Constitution</u>

article 1, § 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Other Authority**
**California Rules of Court**

rule 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

rule 29.1, subdivision (b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE OF THE STATE CALIFORNIA, )<br><br>Plaintiff and Respondent, )<br><br>v. )<br><br>MARK MCLEAN SAUNDERS, )<br><br>Defendant and Appellant. ) | **Court of Appeal**<br>**No. D047541**<br><br>**Superior Court**<br>**No. SCD179948**<br>**No. SCD184170** |

THE PEOPLE OF THE STATE
CALIFORNIA,                                    )
                                                        )        **Court of Appeal**
       Plaintiff and Respondent,       )        **No. D047541**
                                                        )
                   v.                                )        **Superior Court**
                                                        )        **No. SCD179948**
MARK MCLEAN SAUNDERS,    )        **No. SCD184170**
                                                        )
       Defendant and Appellant.       )
                                                        )
_____)


## APPEAL FROM THE SUPERIOR COURT OF SAN DIEGO COUNTY

Honorable William H. Kennedy, Judge

---

## APPELLANT'S OPENING BRIEF

---

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment after court trial and is authorized

by Penal Code section 1237, subdivision (a).

## STATEMENT OF THE CASE

The District Attorney of San Diego County filed an amended Information on case number SCD179948 against appellant, **Mark McLean Saunders**, on April 22, 2005. (C.T. 9-11.)

Count one charged that on January 17, 2004 appellant possessed the controlled substance of methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a). Count two charged that on this same date appellant drove a vehicle while under the influence of an alcoholic beverage and a drug, in violation of Vehicle Code section 23152, subdivision (a). As to this count it was alleged that appellant had previously been convicted of a violation of Vehicle Code section 23153, subdivision (a) [CRE 84899], thus raising count two to a felony. (Veh. Code §§ 23626, 23550.5, subd.(b).)

Count three charged on this date that appellant unlawfully used a controlled substance, methamphetamine in violation of Health and Safety Code section 11550, subdivision (a).

It was alleged as to counts one and two that appellant had previously been convicted of two or more felonies within the meaning of Penal Code section 1203, subdivision (e)(4). It was further alleged that pursuant to Penal Code sections 667, subdivision (b) though (i), 1170.12 and 668, appellant suffered four prior convictions which were serious or violent: [three counts of

-2-

Pen. Code § 192, subd. ( c ) (3)(4), and one count of Veh. Code § 23153, subd.

(a), 10/30/1987, CRE 84899.] (C.T. 9-11.)

On March 29, 2005 the District Attorney of San Diego County filed an

Information in case number SCD184170 against appellant. Count one charged

that on or about May 14, 2004 appellant failed to appear after being released

from custody on bail to evade the process of the court. (Pen. Code § 1320.5.)

It was alleged that the felony charged in count one was committed while

appellant was released from custody on bail pending final judgment on an

earlier felony offense. (Pen. Code § 12022.1, subd. (b).)

As was alleged in case number SCD 179948 the Information included

the Penal Code section 1203, subdivision (e)(4) allegation as well as three

strike prior allegation. (Pen. Code §§ 667, subd. (b) through (i), 1170.12,

668.) (C.T. 119-121.)

On June 28, 2005 both case numbers SCD179948 and SCD184170

were consolidated for a court trial. Additionally on this date, appellant waived

his right to a jury trial and agreed to a court trial before the Honorable William

H. Kennedy. (R.T. 2-6; C.T. 19.)

On June 29, 2005 the court found appellant guilty of all the counts and

allegations in case numbers  SCD 179948 and SCD 184170. As to case

number SCD 179948, the court found appellant guilty of counts one, two, and

-3-

three. Additionally as to count two, it found true the allegation that appellant had a previous conviction of Vehicle Code section 23153, subdivision (a) thus elevating the count to a felony. (R.T. 114-118.) As to case number SCD 184170, the court found appellant guilty. It additionally found true the Penal Code section 12022.1, subdivision (b) allegation attached to this count. (R.T. 119-120.)

At the conclusion of the trial, appellant admitted four strike priors alleged under Penal Code sections 667, subdivision (b) through (i), 1170.12 and 668. Specifically, appellant admitted four counts of Penal Code section 192, subdivision ( c)(3)(4) and one count of Vehicle Code section 23153, subdivision (a), all occurring on October 30, 1987 in case number CRE 84899 in San Diego Superior Court. (R.T. 120-126.)

At the October 19, 2005 sentencing, the court imposed a total term of 50 years-to-life for both cases. (R.T. 153.) As to case number SCD 179948, the court imposed a total term of 25-years-to-life. To this end it imposed a 25-years-to-life term to count two because of the four strike priors admitted to. As to count one, the court granted appellant's motion to strike the strike priors, and stayed a two-year mid-term pursuant to Penal Code section 654. As to count three, it stayed a 90-day commitment pursuant to Penal Code section 654. Appellant was given two actual days' credit. (R.T. 149-150.)

As to case number SCD 184170, the court imposed a consecutive 25-years-to-life prison term as to count one based on the three strike priors. It struck the Penal Code section 12022.1, subdivision (b) allegation. It gave appellant credit of 218 actual days plus 108 Penal Code section 4019 credits for a total of 326 days' credit. (R.T. 151-152.)

## STATEMENT OF FACTS

### Case No. SCD 179948

On January 17, 2004 at approximately 9:50 p.m. San Diego Police Officer Christopher Poznanski (the officer) was on patrol on the 1200 block of Camino Del Rio North. (R.T. 7-8.) The officer noticed a blue pickup truck in front of him. Although both the driver and the passenger side brake lights were operational, the center brake light affixed to the rear windshield was not. (R.T. 30.) The officer followed the pickup onto Highway 8 heading west for approximately one-half to one mile. (R.T. 12.) The officer then activated his marked car's overhead emergency lights and siren and pulled appellant over to the side of the highway near the Taylor Street exit. (R.T. 9, 12.)

The officer's purpose in stopping appellant was for this equipment violation. In the roughly nine minutes he observed appellant, he did not notice any erratic or poor driving by appellant. (R.T. 31.)

For his safety the officer approached appellant from the passenger side

-5-

of his vehicle. (R.T. 32-33.) However the officer found this ineffective because of the noise from the highway. Eventually the officer went to the driver's side and asked appellant for his identification. (R.T. 35-36.) As appellant handed over his driver's license, his hands were trembling and he appeared agitated and hyperactive. Additionally he appeared to be sweating profusely. (R.T. 10-11.) Although the officer did not observe any erratic movements in his driving, observing appellant as he questioned him once stopped, the officer opined that he was under the influence of some type of central nervous system stimulant. (R.T. 23, 42.)

After questioning appellant, the officer radioed for assistance to conduct a Fourth Amendment waiver search. (R.T. 17, 99.) San Diego Police Officer Todd Binney (Binney) responded to the call and conducted the Fourth Amendment search of appellant on the trunk of the officer's car. Binney found a small clear plastic bag containing a white crystal substance. (R.T. 99-100.) The officer retrieved the clear plastic bag to take to police headquarters and arrested appellant. (R.T. 20-21.)

Once at the sally port area of the police station, the officer asked for the first time if appellant wanted to participate in a field sobriety test. Appellant chose not to. Instead appellant submitted to a urine test at 11:40 p.m. (R.T. 21-22.)

The contents of the clear plastic bag were tested by a criminalist from the San Diego Police Department Forensic Science Laboratory. (R.T. 56.) The criminalist concluded the substance contained methamphetamine and weighed .18 grams. (R.T. 59-60.)

After an initial screening was done by another toxicologist, a toxicologist from Bio-Tox Laboratories performed a quantitative test of appellant's urine. (R.T. 64, 67.) The test indicated that the presence of methamphetamine was greater than 50,000 nanograms and 8,570 nanograms of amphetamine, a metabolite. (R.T. 68-69.) This indicated that ingestion had occurred from 12-24 hours previously. (R.T. 69.)

**Case No. SCD 184170**

Kathleen Lewis (Lewis), a deputy district attorney, appeared for a readiness hearing on case number SCD 179948 on May 14, 2004 in Department 31. (R.T. 86-87.) In chambers Lewis gave a copy of an Amended Information to the court and appellant's substitute counsel and requested a leave to amend the previous Information to charge count two (Veh. Code § 23152, subd.(a)) as a felony and to add an additional strike prior. Additionally, she requested an increased bail amount because appellant was out of custody. (R.T. 88, 90-91.)

Substitute counsel for appellant indicated she would tell appellant and

-7-

appellant's counsel. (R.T. 89.) Later that morning counsel for appellant appeared without appellant. (R.T. 89.) The case trailed until the afternoon. Since appellant did not appear by 2:30 p.m., a bench warrant was issued for his arrest. (R.T. 90.)

People's Exhibit 1, 3, 4, and 5 were then received into evidence. (R.T. 95.) Exhibit No. 1 contained certified documents of an Information, a change of plea, sentencing minutes, and abstract of judgment for case number CRE 84899. (C.T. 22-26.) Exhibit No. 3 contained certified documents of the Amended Information for which appellant failed to appear, a minute order indicating a readiness hearing date of May 14, 2004, the bail bond agreement, the bond forfeiture, and bench warrant issuance by the court. (C.T. 28-34.) Exhibit No. 4 contained a transcript of the readiness hearing of May 14, 2004. (C.T. 35-38.) Exhibit No. 5 contained a San Diego County Sheriff's Department booking photo and finger print card. (C.T. 39-42.)

**ARGUMENT**

**I**

## THE TRIAL COURT'S FAILURE TO DISMISS THE STRIKE ALLEGATIONS WAS AN ABUSE OF DISCRETION

In this case, appellant was found guilty of two felony counts in case number SCD 179948. Additionally, he was found guilty of one felony count in case number SCD 184170. Appellant then admitted he had suffered four prior strikes under the Three Strikes Law. (Pen. Code §§ 667, subds.(b)-(i), 1170.12.) Appellant requested the court dismiss these strikes pursuant to its Penal Code section 1385 discretion, but the court refused to do so. As a result appellant was sentenced to 25-years-to-life for driving under the influence of a drug (Veh. Code section 23152, subd.(a)) and an additional consecutive 25-years-to-life for failing to appear on that Information. (Pen. Code § 1320.5.) The net result was a 50 years-to-life indeterminate sentence. The trial court's failure to dismiss the prior strike allegations was an abuse of discretion.

### A.   Proceedings Below

At the conclusion of the court trial on June 29, 2005 appellant admitted he had suffered four strike priors pursuant to Penal Code sections 667, subdivision (b) through (i), 1170.12 and 668. These all emanated from an October 30, 1987 conviction in case number CRE 84899 in the Superior Court

of San Diego County. The charge included three counts of Penal Code section 192 subdivision (c)(3)(4) and one count of Vehicle Code section 23153, subdivision (a). (R.T. 120-126.)

On September 9, 2005 the court allowed the prosecution to introduce victim impact statements regarding case number CRE 84899. The court reserved appellant's right to challenge the admissibility of these statements at the time of sentencing. (R.T. Augment 4.)

Jon Isaacson stated on October 5, 1986 appellant killed his family and received only four years prison because of a plea bargain agreement. Isaacson explained that after he received the phone call that his mother, sister, and niece had been killed by a drunk driver, his life changed forever. Isaacson then spent the almost 20 years after the event getting into trouble. (R.T. Augment 4-6.) What bothered Isaacson the most was that appellant never said he was sorry. With everything said, Isaacson asked the court to find it fit "for him [appellant] to rot in prison, that the key is thrown out the window and a bird picks it up and drops it in the ocean and nobody sees his face again." (R.T. Augment 6-7.)

Teresa Grabner stated that as a result of the incident she was in critical condition for a time and now is disabled. Grabner stated that the justice system let her down by allowing appellant out of prison, and begged the court

to take this into consideration when sentencing appellant this time. (R.T. Augment 7-8.) Grabner indicated she had 22 surgeries since the incident and did not know how long she would be able to walk. Grabner and Isaacson were flown from New London, Connecticut and Monroe, Michigan for the proceedings. Also present were two representatives from Mothers Against Drunk Drivers and two other family members. (R.T. Augment 8-9.)

On October 12, 2005 appellant filed a written request inviting the court to exercise its Penal Code section 1385 discretion to dismiss all of the strikes or in the alternative to strike three strikes. If the court were to strike three strikes, appellant offered, then it could impose the upper term on count one doubled and run that consecutive to a doubled term for count two and for the Penal Code section 1320.5 in SCD 184170. (C.T. 62-63.)

Attached to this request appellant submitted a psychological report written by Doctor Rahn Y. Minagawa. (C.T. 69-75.) After interviewing appellant, Minagawa found that although he was alcohol dependent in the past, he abstained from using this substance since 1986 when he caused the deaths of three individuals in an alcohol-related accident. Minagawa explained that appellant's current dependence on marijuana and methamphetamine appeared to involve both physical and psychological dependence on these drugs. The doctor noted that although almost all of appellant's past legal difficulties have

been drug or alcohol related, he had never been placed in a residential drug or alcohol facility. In sum, the doctor recommended a long-term residential treatment program for appellant. (C.T. 73-75.)

Supplemental to his statement in mitigation, appellant attached certificates and documents from the San Diego Sheriff's Department indicating successful completion of several programs from June 2005 until mid-August 2005. These included participation in seven alcoholic anonymous meetings, twelve drug-related meetings, and twenty-eight inmate worker days. (C.T. 79-91.)

On October 19, 2005 the court sentenced appellant. Relevant to this appeal, it imposed a 25-years-to-life term as to count two, driving under the influence of a drug. (Veh. Code § 23152, subd.(a); SCD179948.) and a consecutive sentence of 25-years-to-life for failure to appear (Pen. Code § 1320.5; SCD 184170.) (R.T. 145-152.)

As to the Vehicle Code section 23152, subdivision (a) felony conviction the court failed to exercise its discretion to dismiss the strike allegations. Quoting the Probation Report it stated appellant's compliance with probation conditions had been unsatisfactory in that he had received eight probation conditions since 1973, continued to test positive for methamphetamine, and failed to appear for drug testing on at least three occasions. (R.T. 145; C.T.

-12-

49.) Further the court noted that after appellant picked up his four strike priors on October 30, 1987 and released from prison he picked up two felony cases in 1998 and 2001 to which the court struck the strikes. The court additionally noted that in 2002 appellant pled to a misdemeanor driving under the influence of methamphetamine and again "dodged the 25-years-to-life bullet." (R.T. 147.) The court indicated that "He's been treated with kid gloves previously. The gloves are off this morning." (R.T. 148.) In considering the impact statement of Grabner and Isaacson, the court concluded that "Those are powerful statements from these individuals and leads the court to believe that these strikes should not be stricken as requested and this man should not be granted another grant of probation that he's snubbed the courts on consistently over the past many years." (R.T. 148-149.)

As to the Penal Code section 1320.5, failure to appear on bail conviction, the court failed to exercise its discretion to dismiss the prior strike allegations. The court stated simply that it was not inclined to strike the strikes in that case. (R.T. 151-152.) The court stated that this was one of the more aggravated failures to appear that it had seen. It explained that in appellant's view, it was his attorney's secretary who suggested he ought to think about the situation he was in. So, reacting to what she said, he fled. (R.T. 151.)

B.     <u>Analysis</u>

-13-

Penal Code section 1385, subdivision (a) permits a dismissal by the trial court "in furtherance of justice." As stated by the California Supreme Court, "[The] language of [section 1385], 'in furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should be a dismissal . . ." . . . At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531.)

The Supreme Court has set out guidelines for lower courts to apply in deciding whether to strike a prior Three Strikes conviction under *Romero*. The touchstone for that determination is whether "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Garcia* (1999) 20 Cal.4th 490, 498; *People v. Stone* (1999) 75 Cal.App.4th 707, 717.)

The Supreme Court has also made it clear that appellate review of a trial court's decision on a *Romero* motion is not de novo. "'[T]he superior court's

order [I]n subject to review for *abuse of discretion*.  This standard is *deferential*. [Citations.]  But it is not empty.  Although variously phrased in various decisions [citation], it asks in substance whether the ruling in question *"falls outside the bounds of reason"* under the applicable law and the relevant facts [citations].'" (*People v. Garcia, supra,* 20 Cal.4th at p. 503, italics in original, quoting *People v. Williams, supra,* 17 Cal.4th at p. 162.)

Generally, sound discretion "is compatible only with decisions 'controlled by sound principles of law, . . .free from partiality, not swayed by sympathy or warped by prejudice . . .' [Citation.]" (*People v. Bolton* (1979) 23 Cal.3d 208, 216) "'[A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977; see also *People v. Stone, supra,* 75 Cal.App.4th at p. 716; *People v. Myers* (1999) 69 Cal.App.4th 305, 309.)

In *People v. Superior Court (Alvarez)* (*supra*) 14 Cal.4th at p. 973 the court stated that "[w]hile a defendant's recidivist status is undeniably relevant, it is not singularly dispositive."  Though acknowledging the "legitimacy" of "the pubic safety animus" underlying the Three Strikes Law, '[t]o judicially mandate that a single factor predominate the trial court's exercise of discretion would eviscerate the essence of its statutory authority; indeed, it would be one

step shy of declaring the Three Strikes Law eliminates the court's discretion entirely." (*Id.*, at 979.)

In the instant case the court abused its discretion in failing to strike the strikes which all arose from one case which was 19 years old. The record indicates that consideration of appellant's recidivist status predominated the court's determination and was singularly dispositive of the court's exercise of discretion. This is evidenced by the fact that the court chose only to speak of appellant's probation violations, criminal history, and "powerful statements" made by the victims of the 1987 conviction. In so doing the court failed to consider the nature and circumstances of the present felonies which is required for a reasonable exercise of its Penal Code section 1385 discretion.

As appellant argued below and continues to maintain, the minor and non-aggravated nature of the current offenses place appellant outside the letter and "spirit" of the Three Strikes Law. The Vehicle Code section 23152, subdivision (a) conviction, normally a misdemeanor, was elevated to a felony only because of the prior Vehicle Code section 23153, subdivision (a) conviction of 1987. The facts of the current offense indicated no erratic or poor driving on the part of appellant. The patrol officer stopped appellant for an equipment violation.

The failure to appear while on bail (Pen. Code § 1320.5) is a low-grade

-16-

felony with a normal sentencing range of 16-months-to-three-years. The facts indicate that once appellant learned that he could face a life term on his driving under the influence, he panicked and ran.

The court additionally failed to factor in the fact that appellant stood outside the normal scheme of individuals who "intentionally go out and commit robberies, break into people's houses, commit assaults, commit sexually offenses, rapes [and] child molestation." (R.T. 138.) In looking at the balance of appellant's criminal history, they are all related to his struggles with alcoholism.

In *People v. Garcia* (*supra*) 20 Cal.4th at p. 501, the California Supreme Court held that a trial court has discretion to strike prior convictions on a count-by-count basis under the Three Strikes Law. In reaching this conclusion, the court noted that "a defendant's sentence is . . . a relevant consideration when deciding whether to strike a prior conviction allegation; in fact, it is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*Id.* at p. 500.)

Separately here, of course, is the fact that after imposing a 25-years-to-life prison term for driving under the influence, the court then imposed an additional consecutive 25-years-to-life term for failing to appear. The court

-17-

stated it wasn't inclined to strike the strikes. Here the court abused its discretion. Its failure to consider that it had already imposed one 25-years-to-life term is an "overarching consideration" which resulted in an unjust sentence.

As *Garcia* instructs a "defendant's 'prospects' will differ greatly from one count to another because a Three Strikes sentence will itself radically alter those prospects." (*People v. Garcia*, *supra*, 20 Cal.4th at p. 500.) Here as in *Garcia*, after imposing an indeterminate term, the prospects for committing future crimes diminished significantly.

Additionally, in imposing the second 25-years-to-life-term, appellant ended up with a 50-years-to-life term for two relatively minor felony offenses. The court's failure to strike the strikes produced an "arbitrary, capricious, and patently absurd result." (*See People v. Jordan* (1986) 42 Cal.3d 308, 316.)

In sum, the record reveals the court abused its discretion in failing to strike the prior strike allegations. The judgment must be remanded to the trial court to properly consider all the appropriate factors and to re-sentence appellant so that the result is not an unjust one.

-18-

# ARGUMENT
# II

## APPELLANT'S 50-YEARS-TO-LIFE SENTENCE VIOLATES THE STATE AND FEDERAL PROHIBITIONS AGAINST CRUEL AND UNUSUAL PUNISHMENT BECAUSE IT IS DISPROPORTIONATE TO HIS CURRENT OFFENSES

The Eighth Amendment to the United States Constitution provides: "'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" (*Solem v. Helm* (1983) 463 U.S. 277, 284.) The *Solem* case declared that the phrase, "nor cruel and unusual punishments inflicted," "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." (*Ibid.*)

When courts try to determine whether sentences violate the Eight Amendment's "cruel and unusual punishment" provision, the United States Supreme Court recommends the use of three objective factors. (*Solem, supra*, 463 U.S. at p. 292.) Specifically, the following applies:

> In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including, (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem* found that the Eighth Amendment prohibited a recidivist sentence of life in prison for a seventh nonviolent felony. In so doing, the court described the subject offense of uttering a "no account" check for $100, as "'one of the most passive felonies a person could commit.'" (*Id.* at p. 296.)

In *Ewing v. California* (2003) 538 U.S. 11, 17-18, the Court upheld a sentence of 25-years-to-life under California's Three Strikes Law. The defendant was convicted of grand theft for shoplifting three golf clubs valued at $1,200, after previously being convicted of four serious felonies including robbery and three burglaries. Writing for the Court, Justice O'Connor, joined by the Chief Justice and Justice Kennedy, recognized that recidivism is a serious public safety concern and noted that the "three strikes law effected a sea of change in criminal sentencing throughout the nation. These laws responded to widespread public concern about crime by targeting the class of offenders who pose the greatest threat to public safety: career criminals." (*Id.* at p. 24.)

Considering the gravity of the offense compared to the harshness of the penalty, the Court found that felony grand theft "[e]ven standing alone . . . should not be taken lightly . . .[and] was certainly not 'one of the most passive felonies a person could commit.'" (*Ewing, supra*, 538 U.S. at p. 28.) The lead opinion noted that in enacting the Three Strikes Law, the legislature "made a

-20-

judgment that protecting the public safety requires incapacitating criminals who have already been convicted of a least one serious or violent crime." (*Id.* at p. 25.)

*Ewing* ultimately held that the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime. (*Ewing, supra*, 538 U.S. at p. 23.)

A dissent, authored by Justice Breyer and joined by Justices Stevens, Souter, and Ginsburg, concluded that Ewing's claim crossed the gross disproportionality threshold. (*Ewing, supra*, 538 U.S. at p. 37.) They reasoned that "in cases involving recidivist offenders, we must focus upon 'the [offense] that triggers the life sentence,' with recidivism playing a 'relevant,' but not necessarily determinative, role." (*Id.* at p. 41.) In the dissent's view, the sentence-triggering behavior in the case "ranks well toward the bottom of the criminal conduct scale." (*Id.* at p. 40.)

Turning to the California law, article 1, section 17 of the California Constitution prohibits the infliction of "[c]ruel or unusual punishment . . . ." It is the province of the judicial branch to condemn statutory penalties that violate California's constitutional ban on cruel or unusual punishments. (*People v. Dillon* (1983) 34 Cal.3d 441, 477-478, citing *In re Lynch* (1972) 8

-21-

Cal.3d 410, 414.)

California courts follow the rule in *Lynch* "that statutory punishment may violate the constitutional prohibition not only if it is inflicted by a cruel or unusual method, but also if it is grossly disproportionate to the offense for which it is imposed." (*People v. Dillon, supra*, 34 Cal.3d at p. 478.) "[A] punishment may violate the California constitutional prohibition 'if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'" (*People v. Dillon, supra*, 34 Cal.3d at p. 478, quoting *In re Lynch, supra*, 8 Cal.3d at p. 424.)

To determine whether a particular sentence violates California's "cruel or unusual punishment" provision, courts should apply the analytical techniques pronounced in the *Lynch* case. (*People v. Dillon, supra*, 34 Cal.3d at p. 479.)

First among these modes of analysis is the "examination of 'the nature of the offense and/or the offender, with particular regard to the degree of danger that both present to society.'" (*People v. Dillon, supra*, 34 Cal.3d at p. 479, quoting *In re Lynch, supra*, 8 Cal.3d at p. 425.)

With respect to the nature of the offense, courts should not look at the crime in the abstract manner in which it is defined by the Legislature; instead, courts should probe "the facts of the crime in question, the totality of the circumstances surrounding the commission of the offense in the case at bar, including such factors as its motive, the way it was committed, the extent of the defendant's involvement, and the consequences of his acts." (*People v. Dillon, supra,* 34 Cal.3d at p. 479.)

In terms of the inquiry made into the nature of the perpetrator, the courts should also engage in a fact-specific analysis, rather than an abstract examination of the offender. (*People v. Dillon, supra,* 34 Cal.3d at p. 479.) The punishment in any case, should not only fit the crime, but it should also fit the particular offender. (*Ibid.*) "This branch of the inquiry therefore focuses on the particular person before the court, and asks whether the punishment is grossly disproportionate to the defendant's individual culpability, as shown by such factors as his age, prior criminality, personal characteristics, and state of mind." (*Ibid.*)

A second technique set forth in *Lynch* involves the comparison of the defendant's sentence with sentences prescribed in the same jurisdiction for more serious crimes. (*People v. Dillon, supra,* 34 Cal.3d at p. 487, fn.38, citing *In re Lynch, supra,* 8 Cal.3d at p. 426.) In this context, the *Dillon* Court made

-23-

the following key observation about such intrastate proportionality review: "While such a comparison is particularly striking when a more serious crime is punished *less* severely that the offense in question, it remains instructive when the latter is punished *as* severely as a more serious crime." (*People v. Dillon*, *supra*, 34 Cal.3d at p. 487, fn.38.)

For a third technique, the *Lynch* Court proposed "a comparison of the challenged penalty with those prescribed for the same offense in other jurisdictions . . ." (*People v. Dillon*, *supra*, 34 Cal.3d at p. 487, fn. 38.) Notably, the *Dillon* Court felt it unnecessary to even broach this third facet of analysis under the facts before the Court.

In *Dillon*, the Court found it appropriate to focus primarily on the first technique, looking specifically at the circumstances of the crime and to the relevant factors about the offender. (*People v. Dillon*, *supra*, 34 Cal.3d at pp. 482-486.) With regard to the second technique, the *Dillon* Court ultimately conducted only a cursory comparison of more serious offenses in the same jurisdiction. At the same time, the Court performed no comparison of sentences for similar offenses in other jurisdictions. (*Id.* at p. 487, fn.38.)

In appellant's case, examination of the sentencing factors leads to a conclusion that the imposition of 50-years-to-life constituted cruel and unusual punishment under the Federal Constitution and cruel or unusual punishment

-24-

under the California Constitution.

As previously explained both of the offenses were low grade, non-violent felonies. The proscribed penalties for both the driving under the influence and failure to appear while on bail carry relatively light penalties. The sentencing range for felony Vehicle Code section 23152, subdivision (a) as well as Penal Code section 1320.5 is 16-months-to-three-years.

The sentence imposed is substantially greater than far more serious or violent felonies. The statutory penalty for a second degree murder is 15-years-to-life. (Pen. Code, § 190, subdivision (a).) For manslaughter, the available punishment ranges from local jail time to eleven years in prison. ( Pen. Code, §§ 193, 193.5.)

Appellant at the time of sentencing was 50 years old. The effect of the 50-years-to-life sentence the court imposed is a life term.

The strike allegations all stem from one incident and occurred 19 years from the current offense. Although appellant did not remain crime free after the 1987 conviction, none of the crimes involved serious or violent felonies.

Additionally, all of the prior crimes involved appellant's dependency on alcohol or drugs. It is worth noting that the clinical psychologist who examined appellant indicated that residential treatment had never been prescribed.

For these reasons the 50-years-to-life sentence imposed is disproportionate to the gravity of the crimes and shocks the conscience and offends fundamental notions of human dignity. As such, it constitutes cruel and/or unusual punishment under the Federal and California Constitutions. The cases must be remanded to the trial court for re-sentencing.

# CONCLUSION

For the reasons stated in Arguments I and II, appellant respectfully requests the sentence imposed be remanded for re-sentencing.

Dated: July 25. 2006        Respectfully submitted,


**MARIANNE HARGUINDEGUY COX**

Attorney at Law; State Bar No. 115755
3453 Ingraham Street, PMB #236
San Diego, California 92109
(619) 233-0290

Attorney for Defendant and Appellant,
MARK MCLEAN SAUNDERS

# CERTIFICATE OF COMPLIANCE

I CERTIFY THAT:

Pursuant to rule 29.1 subdivision (b)(1) and rule 14 of the California

Rules of Court, I certify that according to the computer program, the attached

appellant brief contains 5316 words.

Dated: _July 25, 2006_, 2006

**MARIANNE HARGUINDEGUY COX**

Attorney at Law; State Bar No. 115755
3453 Ingraham Street, PMB #236
San Diego, California 92109
(619) 233-0290

Attorney for Defendant and Appellant,
MARK MCLEAN SAUNDERS

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of San Diego County.  I am over the age of 18 years and not a party to the within action.  My office address is 3453 Ingraham Street, PMB No. 236, San Diego, California 92109.

On July 26, 2006, I served **Appellant's Opening Brief** by placing a copy thereof in an envelope to each of the addresses named hereinafter, addressed respectfully as follows:

**Mark McLean Saunders, CDC # F02744**
3 Yard Gym 115 L
Post Office Box 799003      * Legal Mail *
San Diego, CA  92179

**Attorney General – State of California**
110 West 'A' Street, Suite 1100
P.O. Box 85266
San Diego, CA  92186-5266

**Appellate Defenders, Inc.**
555 West Beech Street, Suite 300
San Diego, CA  92101

**District Attorney of San Diego County**
330 West Broadway
San Diego, CA 92101

**Law Office of Alternate Public Defender**
110 West 'C' Street, Suite 1100
San Diego, CA 92101

**Clerk of the Superior Court**
220 W. Broadway
San Diego, CA 92101

I then sealed each envelope and with postage thereon fully paid, deposited each into the United States mail at San Diego, California on July 26,  2006.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of July 2006 at San Diego, California.

Marianne Harguindeguy Cox

| Short Title: | Court Case No: |
|---|---|
| | |

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify):  CENTINELA STATE PRISON  (I.D. # F09744)
2302 BROWN ROAD
P.O. BOX 931
IMPERIAL, CA 92251

I served the attached: DIRECT APPEAL (FEDERAL)

By enclosing true copies in a sealed envelope addressed to each person

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: 4/21 ,2008

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

CLERK OF U.S. DISTRICT
COURT, Room 4290
880 FRONT ST.
SAN DIEGO, Ca. 92101-8900

ORIGINAL PLUS ONE COPY

ATTORNEY GENERAL
C/O 880 FRONT ST.
SAN DIEGO, CA. 92101-8900 3702
110 W. A ST. STE. 1100

ONE COPY
mctrm. st

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 4/21/08

Mark McLean Saunders
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Mark McLean Saunders**

DEFENDANTS

**V. M. Almager**

FILING FEE PAID
Yes ☐    No ☐
IFP MOTION FILED
Yes ☑    No ☐
COPIES SENT TO:
Court ☐    Pro Se ☐

**FILED**
APR 2 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Mark McLean Saunders**
**PO Box 931**
**Imperial, CA 92251**
**F-02744**

ATTORNEYS (IF KNOWN)

**'08 CV 0757 L AJB**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)** **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☑4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☑ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE    Docket Number

DATE    4/25/2008    SIGNATURE OF ATTORNEY OF RECORD

*[signature]*

CR