UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARK MCLEAN SAUNDERS, | Civil No.   08-0757 L (AJB) |
|---|---|
| Petitioner, | |
| vs. | **NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |
| V. M. ALMAGER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising six claims. Petitioner has not alleged exhaustion as to claims three, four, five and six.. (*See* Pet. at 6-9.) Having preliminarily determined the petition contains both exhausted and unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure

1  F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must
2  be the <u>same</u> as that raised in the state proceedings. *See Anderson*, 459 U.S. at 6.

3  Here, claims three, four, five and six appear to be unexhausted because Petitioner has not
4  presented them to the California Supreme Court.[2]

### PETITIONER'S OPTIONS

6  To avoid the Court dismissing the petition on its own accord, Petitioner may choose one
7  of the following options.

**i) First Option: Demonstrate Exhaustion**

9  Petitioner may file further papers with this Court to demonstrate that he has in fact
10 exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this
11 option, his papers are due no later than **June 16, 2008**. Respondent may file a reply by **July 7,**
12 **2008**.

**ii) Second Option: Voluntarily Dismiss the Petition**

14 Petitioner may move to voluntarily dismiss his entire federal petition and return to state
15 court to exhaust his unexhausted claims. Petitioner may then file a new federal petition
16 containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating
17 that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to
18 exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this
19 Court no later than **June 16, 2008**. Respondent may file a reply by **July 7, 2008**.

20 Petitioner is cautioned that any new federal petition must be filed before expiration of the
21 one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction
22 became final to file his federal petition, unless he can show that statutory or equitable "tolling"
23 applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[3] Filing a petition

---

of the applicant to exhaust the remedies available in the courts of the State.

[2] Petitioner states he has raised claims three, four, five and six in a petition for habeas corpus in the Superior Court of San Diego. (*See* Pet. at 6-9.)

[3] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

in federal court does not stop the statute of limitations from running. *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **June 16, 2008**. Respondent may file a reply by **July 7, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[4]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to dismiss his unexhausted claims without prejudice and stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc). If Petitioner chooses this fourth

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

option, he must file a pleading with this Court no later than **June 16, 2008**. Respondent may file a reply by **July 7, 2008**.

### CONCLUSION

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice.[5] *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: May 5, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[5] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.