Mark McLean Saunders III
F02744 D3 227
Centinela State Prison
PO Box 931 Imperial, Ca. 92251
In Pro Se

NUNC PRO TUNC
MAY 12 2008

FILED
2008 MAY 14 AM 11:20
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

United States District Court
Southern District of California

Mark McLean Saunders III
Petitioner
v.
V.M. Almager
Warden
Respondent
and
The Attorney General
of the State of California
Additional Respondent

Case No. 08CV0757 L (AJB)

Petitioner's Request for the Court to Stay Proceeding in Petitioner's 28 USC § 2254 Case and Hold Case in Abeyance Until Petitioner's Currently Pending State Habeas Corpus Petition is Decided by the California State Courts

Petitioner Mark McLean Saunders III hereby requests this court to stay proceedings in Petitioner's 28 USC § 2254 case, Case No. _____ because Petitioner is undergoing an "exhaustion round" of State Habeas Corpus proceedings in order to litigate claims of violations of Petitioner's Constitutional Rights (see attached Declaration of Petitioner, stating good cause for issuance of the instant requested stay/abeyance motion) Petitioner hereby cites the legal authority cited by the 9th Circuit court in Ford v Hubbard

or

330 F 3D 1086; Kelly v. Small 315 F3D 1063 and Petit and the U.S. Supreme Court case of Rhines v. Weber 544 US 269 (2005) to support this motion. Petitioner argues that he has met the 2 criterias for obtaining the requested stay in Rhines v. Weber:

1) Argue merit ¢ claims: Claims of constitutional violations not addressed by counsel on direct appeal. Petitioner's case involves a 50 years to life sentence for VC 23152(A) normal sentence range 16, 2, 3 and HS 11550 (A) with a normal sentence range 90 days to a year. Petitioner claims that the issues raised in the petition of habeas corpus now being heard in the state court are valid and reasonable and violate the rights guaranteed by the United States constitution (specifically the 5th, 6th, 8th, and 14th Ammendments) Appelate counsel failed to raise these issues on direct appeal, therefore I have addressed the following issues on a writ of habeas corpus which petitioner asks that the court hear in the furtherence of justice, on the following grounds.

Ground #1 "Ineffective Assistance of Counsel"

Petitioner's trial counsel was grossly ineffective at every aspect of the defense. The failure to defend was tantamount to a guilty plea by the petitioner thus violating the rights guaranteed by the 5th and 6th and 14th Ammendments (See Strickland v Washington 466 US 668 and also US v Cronic 466 US 648

Ground #2 "Inappropriate Application of the 3 Strikes Law"

Petitioner's 3 strikes arose from a "single" unintentional act which happened 20 yrs ago. This resulted in a sentence that is unconstitutionally excessive because it exceeds the maximum sentence intended thereby in violation of the 5th and 8th Ammendments of the United States Constitution (see Rutledge v US 517 US 292 (1996)

Ground #3 "Double Jeopardy Violation"

Petitioner was subject to multiple jeopardy by virtue of the assessment of the 3 strikes law for the commission of one offense, and the subsequent application of all three strikes to

enhance the sentence and the current offense in violation of the double jeopardy prohibition in the Fifth Ammendment of the United States Constitution. see Brown v. Ohio 432 US 161 (1977)

Ground # 4 "Ineffective Assistance of Appelate Counsel"

Petitioner's Appelate Counsel was ineffective for failing to raise the substantial claims raised in this petition. This resulted in a violation of the right to counsel guaranteed by the Sixth Ammendment of the United States Constitution. Specifically Appelate Counsel failed to raise the issues of Ineffective Assistance of Trial Counsel, Improper Application of the 3 Strikes Law, and the Double Jeopardy Violation. see Smith v. Robbins, 528 US 259 (2000)

2) Petitioner was unaware that this motion was to be filed with the petitioner's federal appeal filed last week. And asks that the court recognize that I have done my best to file "all documents" in my appeal in a "timely manner." I began my research via US mail, because I was unable to go to the law library at Calipatria because of continuous lockdowns. I then was transferred to Centinela and held in reception with no law library access. Petitioner still maintains that the writ of habeas corpus now being heard in state court was filed in a timely manner and was mailed out on Feb. 29 2008. Petitioner also made the court aware of this writ of habeas corpus in direct appeal mailed out on April 21st 2008. Petitioner has not only filed all documentation in a timely manner, but also asks that the court consider the fact that the case in appeal involves

A 50 YEARS TO LIFE SENTENCE AND PETITIONER CONTENDS THAT ALL PAPERWORK WAS FILED WITHIN THE 1 YEAR DEADLINE FROM PETITIONER'S DENIAL OF DIRECT APPEAL AT THE STATE LEVEL.

I MARK McLEAN SAUNDERS III RESPECTIVELY REQUEST THE REGISTERED STAY TO BE GRANTED. IN PRO SE

RESPECTFULLY SUBMITTED

*[signature]*
Mark McLean Saunders III
PETITIONER
　　　　　　　　　IN PRO SE

## Declaration of Petitioner

I MARK McLEAN SAUNDERS HEREBY DECLARE:
I am the Petitioner in within case. My address is:

> MARK McLEAN SAUNDERS
> F02744 D3-227
> CENTINELA STATE PRISON
> PO Box 931 IMPERIAL, CA.
> 92251

I have made this declaration in support of the within motion for Stay/Abeyance. I demonstrate my showing (See Rhines v. Weber 544 US 269 (2005)) to support this motion:

1) The grounds in my State Habeas Corpus are constitutionally valid in as much as claims made violate Fifth, Sixth, Eighth, and Fourteenth Ammendments of the United States Constitution.

Ground 1 "Ineffective Assistance of Trial Counsel"

Ground 2 "Inappropriate Application of Three Strikes Law"

Ground 3 "Double Jeopardy Violation"
Ground 4 "Ineffective Assistance of Appelate Counsel"

These issues were not raised on my direct appeal by appelate counsel (Grounds 1, 2, and 3) Petitioner is serving a 25 to life sentence for VC 23152(A) Normal Sentence Range 16, 2, 3 and a second 25 to life sentence for HS 11550(A) Normal Sentence Range 90 days to a year for a total sentence of 50 years to life. Petitioner contends that this sentence is unjust. Petitioner also contends that the intent of the Three Strikes was not to cull Three Strikes from a "Single" Non-Intentional Act. And therefore an error.

Appelate Counsel failed to raise this issue, as well as ineffective assistance of Trial Counsel on Direct Appeal.

2) Petitioner has done everything possible to try to meet all deadlines while at the same time overcomming many obsticles in attempting to do so:

1) Petitioner was unaware that this document should have been filed together with petitioner's federal appeal

2) Petitioner did try to make the court aware of collateral attack now pending in the state court by attatching extra pages in the grounds section of the federal petition and labeling them as currently being exausted at the state level.

3) Petitioner had limited law library access. Petitioner was first incarcerated at Calipatria which allowed no movement and no law library access to any inmates, except

for deadlines. Petitioner then began legal research via U.S. Mail. Petitioner was able to access the law library the last part of 2007. Petitioner was transferred to Centinela Prison which further slowed legal research and library access. Petitioner filed State Habeas with the State (mailed 2/29/08) One of the issues filed in Petitioner's Writ of Habeas Corpus is "<u>Ineffective Assistance of Appellate Counsel</u>" which Petitioner could not raise until Petitioner's direct appeal was finished being heard.

4) "Ineffective Assistance of Appellate Counsel" Appellate Counsel failed to raise important issues on Petitioner's Direct Appeal. Failure to raise these issues on Direct Appeal deprived the Petitioner

of the opportunity to have adjudication of the claim at what stage of post conviction proceedings. At the very least, the claims should have been raised to preserve viability as a claim on federal habeas corpus. Appellate counsel failed to engage in adequate consultation with the petitioner to the extent that such failure resulted in a direct appeal devoid of those substantial constitutional claims raised on the petitioner's writ of habeas corpus now pending in the state courts. Petitioner believes that if appellate counsel had provided effective consultation, she would have been aware of the importance of these issues to the petitioner's case and would have raised them on

direct appeal. At the very least, adequate consultation would have provided appellate counsel with the opportunity to apprise the petitioner of her strategy that excluded these claims from the direct appeal, affording petitioner the opportunity to object to the exclusion. Petitioner recieved a letter from petitioner's appellate attorney the last week of May 2007 advising petitioner to pursue an avenue in the way of a writ of habeas corpus (see attached letter exibit A) She mailed my transcripts in June of 2007 Petitioner claims that he has done his best to research, address, and file these issues in a timely

Manner. Therefore the Petitioner, Mark McLean Saunders respectfully requests the Court to grant the requested stay in the furtherance of Justice, so that Petitioner may exhaust State remedies on the current issues now pending in the State Courts therefore preserving the opportunity to have these issues heard on Federal Habeas Corpus.

Respectfully Submitted

*[signature]*

Mark McLean Saunders
In Pro Se

Marianne Harguindeguy Cox
Attorney at Law
3453 Ingraham Street, PMB 236
San Diego, California 92109
(619) 233-0290

May 24, 2007

Mark McLean Saunders # F02744
Calipatria State Prison
Post Office Box 5002
Calipatria, California 92233

RE:   People v. Mark McLean Saunders
      Court of Appeal No. D047541

Dear Mr. Saunders:

As you can see from the document I am sending you, the California Supreme Court denied our petition for review. You may want to take this to the Federal level, so I went to the Federal Court to get you the necessary paper work to pursue that avenue in the way of a Petition for Writ of Habeas Corpus. I have also sent you a copy of a Declaration in Support of Request to Proceed In Forma Pauperis and Certificate. This is an old document and you should obtain a more current copy from your correctional facility. The Federal Court did not provide me a current form as far as the Declaration since that should also be available to you at the prison.

All the information to file in Federal Court you have in State briefings I have provided you. I am not a panel attorney for the Federal Court. If the Court finds merit in your Petition, they will appoint an attorney for you. Please let me know if you need any of those filings re-sent to you..

Please instruct me what to do with your transcripts. I can hold them for you or send them to the prison. You can contact me at the above address.

Sincerely,

*Marianne Harguindeguy Cox*
Marianne Harguindeguy Cox
State Bar #115755

MHC/ljl

encl.

EXHIBIT A

| Short Title: | Court Case No: |
|---|---|

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): CENTINELA STATE PRISON - (I.D. #F02744)
2302 BROWN ROAD
P.O. BOX 931
IMPERIAL, CA. 92251

I served the attached: **Motion for Stay/Abeyance**

By enclosing true copies in a sealed envelope addressed to each person whose name and address is given below and depositing the envelopes in the United States mail with the postage fully prepaid, in the County of Imperial.

Date of deposit: 5/7, 2008

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

U.S. COURTHOUSE
SOUTHERN DISTRICT OF CALIFORNIA
880 FRONT ST. STE. 4290
SAN DIEGO, CA.
92101-8900

CALIFORNIA ATTORNEY GENERAL
110 W. A ST. STE. 1100
SAN DIEGO, CA.
92101-3702

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 5/7/08

MARK MCLEAN SAUNDERS
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)