1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  LILIA E. GARCIA
   Supervising Deputy Attorney General
5  ELIZABETH S. VOORHIES, State Bar No. 183172
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-3080
    Fax: (619) 645-2191
9   Email: Elizabeth.Voorhies@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **MARK McLEAN SAUNDERS,**           08CV0757 L (AJB)

15                    Petitioner,       **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION**

16       v.                             **TO STAY FEDERAL PROCEEDINGS PENDING**

17  **V. M. ALMAGER, Warden,**          **EXHAUSTION OF STATE COURT REMEDIES**

18                    Respondent.
                                        Honorable Anthony J. Battaglia
19

20       On April 25, 2008, Petitioner Saunders filed the pending Petition containing two

21  purportedly exhausted federal constitutional claims and simultaneously moved this Court to stay the

22  instant proceedings while he exhausts three other constitutional claims which are currently before

23  the California state courts. Respectfully, Respondent opposes Saunders' motion for stay.

24       In *Rhines v. Weber*, 544 U.S. 269, 273-74, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the

25  United States Supreme Court cautioned that in order to meet the twin purposes of AEDPA's

26  exhaustion and statute of limitations requirement, the "stay and abeyance should be available only

27  in limited circumstances." *Id*. at 1535. As a threshold matter, stay and abeyance "is only

28  appropriate

1 when the district court determines there was good cause for the petitioner's failure to exhaust his
2 claims first in state court." *Id.*

3     *Rhines* presented a unique factual scenario: The petitioner filed one round of state
4 collateral review before filing a federal petition. At the time the petition was filed there were 11
5 months remaining in the limitations period, but 18 months elapsed before the district court found
6 that eight of the 35 claims were unexhausted. Because the statute of limitations period would have
7 prevented the petitioner from filing another federal petition, the district court chose not to dismiss
8 the petition but instead held it in abeyance for petitioner to pursue his state court remedies as to the
9 unexhausted claims. *Id.* at 1532.

10     The facts of the instant case are wholly dissimilar to those present in *Rhines*. Although
11 the statute of limitations in this case began to run on or about August 9, 2007, Saunders is entitled
12 to statutory tolling of the one-year limitations period from February 28, 2008 -- i.e., the filing date
13 of his first collateral state remedy -- through the date the California Supreme Court denies the state
14 habeas petition which is currently pending at the superior court level. Accordingly, in contrast to
15 the petitioner in *Rhines*, Saunders still has a reasonable opportunity -- i.e., a time frame of
16 approximately five months -- to pursue his state court remedies as to all constitutional clams he
17 wishes to bring to federal court.

18     Moreover, whereas in *Rhines* the petitioner commenced pursuit of his state court remedies
19 a mere one month into the limitations period, Saunders do so after almost seven months had elapsed
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Case No. 08CV0757 L (AJB)

1  -- and at that time raised challenges to the application of the Three Strikes law which were known
2  to him, and thus could have been raised, at any time during the preceding two-year time frame
3  within which his case was pending on direct appeal.
4      For these reasons, Saunders has failed to demonstrate good cause to stay the instant federal
5  proceedings.
6      Dated:  June 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

LILIA E. GARCIA
Supervising Deputy Attorney General


s/Elizabeth S. Voorhies


ELIZABETH S. VOORHIES
Deputy Attorney General
Attorneys for Respondent

ESV:cjm
80251678.wpd
SD2008801234

Case No. 08CV0757 L (AJB)

# CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:  **Saunders v. Almager**                        No.:  **08CV0757 L (AJB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 20, 2008</u>, I served the following documents:

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STAY FEDERAL PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

None

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Mark McLean Saunders
CDC # F-02744
Centinela State Prison
P.O. Box 931
Imperial, CA 92251
In Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 20, 2008, at San Diego, California.

J. Evans
_____
Declarant

_____
Signature

SD2008801234
80251745.wpd