cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Mark McLean Saunders, | ) | Civil No.08cv757 L (AJB) |
|---|---|---|
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | **DENYING MOTION FOR STAY AND ABEYANCE** |
| VM Almager, Warden, | ) ) | |
| Defendants. | ) ) | [Doc. No. 6.] |

Petitioner Mark McLean Saunders, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On May 12, 2008, Petitioner filed a motion for stay and abeyance while his currently filed state court habeas petition is being decided. On June 20, 2008, Respondent filed an opposition. After a review of the moving papers, the opposition, and all supporting documents, the Court RECOMMENDS that the motion for stay and abeyance be DENIED.

**Background**

Petitioner was convicted on October 19, 2005 and sentenced to fifty years to life. (Pet. at 1.) The California Court of Appeal denied his direct appeal. (Id. at 2.) On May 9, 2007, the California Supreme Court denied his petition for review. (Id.) Petitioner raised the following claims before the California Supreme Court: 1) the trial court's failure to dismiss the strike allegations was an abuse of discretion violating the Eighth Amendment; and 2) his 50 years to life sentence constitutes cruel and unusual punishment under state and federal law because it is disproportionate to his offenses. (Id.)

1    On February 29, 2008, Petitioner filed a petition for writ of habeas corpus in the California
2  Superior Court. (Id. at 3.) In that petition, Petitioner made the following claims: 1) ineffective
3  assistance of trial counsel; 2) inappropriate application of the three strikes law in violation of the Fifth
4  and Eighth Amendments; 3) violation of double jeopardy in violation of the Fifth Amendment; and 4)
5  ineffective assistance of appellate counsel. (Id.)

6    Two months later, Petitioner filed the instant federal petition on April 25, 2008. In his petition,
7  he asserts the following six claims: 1) the trial court's failure to dismiss the strike allegations was an
8  abuse of discretion violating the Eighth Amendment; 2) his 50 years to life sentence constitutes cruel
9  and unusual punishment under state and federal law because it is disproportionate to his offenses; 3)
10 ineffective assistance of trial counsel; 4) inappropriate application of the three strikes law in violation of
11 the Fifth and Eighth Amendments; 5) violation of double jeopardy in violation of the Fifth Amendment;
12 and 6) ineffective assistance of appellate counsel. Petitioner concedes that claims three to six of the
13 federal Petition are not exhausted. (Petition at 6-9.) On May 12, 2008, Petitioner filed a motion to stay
14 and abey his federal petition while he exhausts claims three to six in state court. Respondent filed an
15 opposition arguing that he failed to demonstrate good cause to stay the petition as required by Rhines v.
16 Weber, 544 U.S. 269 (2005).

17                                              **Discussion**

18  **A.    Legal Standard**

19   The Supreme Court adopted the rule of "total exhaustion," requiring all claims in a habeas
20 petition be exhausted before a federal court can act on the petition. Rose v. Lundy, 455 U.S. 509, 522
21 (1982). Subsequent to, and in light of the Supreme Court's total exhaustion requirement, Congress
22 enacted AEDPA, with a one year statute of limitations for the filing of federal petitions. 28 U.S.C.
23 § 2244(d)(1). The statute of limitations set forth in § 2244(d), however, is tolled during the pendency of
24 a properly filed application for State post-conviction or other collateral review. See Nino v. Galaza,
25 183 F.3d 1003, 1006 (9th Cir. 1999).

26   As a result of the combination of the these two provisions, petitioners are strongly encouraged to
27 seek relief for their claims from the state courts before filing a federal petition, because those petitioners
28 who proceed to federal court with mixed petitions run the risk of forever losing the opportunity for any

federal review of their unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 275 (2005). Petitioners who choose to file mixed petitions are left with two options, withdrawing the unexhausted claims and proceeding only on exhausted claims or dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted in state court. Calderon v. District Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998); see also James v. Giles, 221 F.3d 1074, 1077-78 (9th Cir. 2000).

In Rhines v. Weber, the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 544 U.S. at 277. The Supreme Court concluded that the stay-and-abeyance procedure should only be available in limited circumstances, when the district court determines: 1) there is good cause for the petitioner's failure to exhaust his claims first in state court; 2) the unexhausted claims are not meritless; and 3) the petitioner has acted with reasonable diligence to exhaust the unexhausted claims. Id. at 277-78. If a district court is presented with a mixed petition and determines that the stay-and-abeyance procedure is inappropriate, the court should allow the petitioner to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. Lundy, 455 U.S. at 522. Under the stay-and-abeyance procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. See Rhines, 544 U.S. at 277-78. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court. See id.

**B.     Petitioner's Motion to Stay**

Petitioner contends that good cause exists for the Court to grant his motion to stay because he has been diligent in pursuing and meeting all deadlines while overcoming obstacles such as limited access to the law library and being transferred to another prison which further slowed his access to the law library. Moreover, he claims that he could not have included the claim of ineffective assistance of appellate counsel until his direct appeal was completed. Petitioner further argues that he should be allowed to exhaust these new claims because his appellate counsel failed to raise them.

1     Petitioner has failed to demonstrate good cause for his failure to exhaust his claims first in state court and has failed to demonstrate that he acted diligently to exhaust these claims after his direct appeal to the California Supreme Court was completed on May 9, 2007 and until he filed his federal petition on April 25, 2008.  The factual predicate of the unexhausted claims has been known to Petitioner since his direct appeal was completed on May 9, 2007.  Petitioner did not file a petition in state court until over nine months later on February 29, 2008.

    Moreover, Petitioner will not be barred from returning to this court because the statute of limitations has not run on his federal petition.  Statutory tolling was invoked when Petitioner filed his state court petition on February 29, 2008.  The one year statute of limitations period begins to run ninety days after the petition for review was denied.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).  The AEDPA one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court.  28 U.S.C. § 2244(d)(2).  Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

    The California Supreme Court denied the petition for review on May 9, 2007.  Therefore, the statute of limitations began to run on August 6, 2007, ninety days after the petition for review was denied.  <u>See</u> <u>Bowen</u>, 188 F.3d at 1159.  Petitioner filed his petition for writ of habeas corpus in state court on February 28, 2008.  Therefore, approximately six and a half months ran on his statute of limitations and over five months still remain.  Therefore, once he completes his round of state habeas petitions, Petitioner can timely file within five months a petition for writ of habeas corpus in this court.  Since the Petitioner has failed to meet the requirements set forth in <u>Rhines</u>, and will not be statutorily barred from re-filing in this Court, the Court finds that the stay-and-abeyance procedure is inappropriate and therefore recommends that Petitioner's motion for stay and abeyance be **DENIED**.

## Conclusion

For the reasons set forth above, the Court hereby recommends that Petitioner's motion for stay and abeyance be **DENIED**.  This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommendation must be filed with the Court and a copy served

1  on all parties **on or before September 10, 2008.** The document should be captioned "Objections to
2  Report and Recommendation." Any reply to the objections shall be served and filed **on or before**
3  **September 24, 2008**.  The parties are advised that failure to file objections within the specified time
4  may waive the right to raise those objections on appeal of this Court's order. See Turner v. Duncan, 158
5  F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6       IT IS SO ORDERED.

8  DATED:  August 13, 2008

                                       _____
                                       Hon. Anthony J. Battaglia
                                       U.S. Magistrate Judge
                                       United States District Court