UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK McLEAN SAUNDERS,<br><br>        Petitioner,<br><br>v.<br><br>VM ALMAGER, Warden,<br><br>        Respondent. | Civil No. 08cv757-L(AJB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITIONER'S MOTION TO STAY AND ABEY; AND (3) NOTICE REGARDING POSSIBLE DISMISSAL** |

     Petitioner, Mark McLean Saunders, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Anthony J. Battaglia for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

     In his Petition, Petitioner conceded that claims three to six were unexhausted. On May 5, 2008, the court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. On May 14, 2008, Petitioner timely exercised one of the options provided in the court's notice and filed a motion to stay and abey. Respondent opposed the motion. On August 13, 2008, the Magistrate Judge issued a Report and Recommendation, recommending to deny Petitioner's motion. Petitioner has not filed any objections.

/ / / / /

A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the *de novo* review is waived. Section 636(b)(1) does not require review by the district court under a lesser standard. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

In the absence of objections, the court **ADOPTS** the Report and Recommendation. For the reasons stated in the Report and Recommendation, Petitioner's motion to stay and abey is **DENIED**.

In light of the denial of Petitioner's stay and abey motion, to avoid the court dismissing the Petition on its own accord, Petitioner must choose one of the following options:

<u>First Option: Voluntarily Dismiss the Petition</u>

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this option, he must file a pleading with this court no later than **November 19, 2008**. Respondent may file a reply no later than **December 5, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from the date when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Filing a

/ / / / /

petition in federal court does not stop the statute of limitations from running.  *Id*. at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

<u>Second Option:  Formally Abandon Unexhausted Claims</u>

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  Petitioner may exercise this option by filing an amended petition which contains only exhausted claims.  If Petitioner chooses this option, he must file a pleading with this court no later than **November 19, 2008**.  Respondent may file a reply no later than **December 5, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

If Petitioner fails to timely exercise either of the above two options, the court may dismiss his Petition.

**IT IS SO ORDERED**.

DATED:  October 20, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL